UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10110-RGS

CHANGGANG LI

v.

BELMONT POLICE DEPARTMENT and CAMBRIDGE DISTRICT COURT

MEMORANDUM AND ORDER

January 25, 2019

For the reasons stated below, the Court directs plaintiff to show good cause why this action should not be dismissed, or in the alternative, file an amended complaint that cures the pleading deficiencies of the original complaint.

BACKGROUND

On September 21, 2018, plaintiff Changgang Li, a resident of Warren, New Hampshire, filed a complaint and motion to proceed *in forma pauperis* in the United States District Court for the District of New Hampshire. Li's complaint names as defendants the Warren, New Hampshire Police Department ("WPD"), the Belmont, Massachusetts Police Department ("BPD"), and the Cambridge (Massachusetts) District Court ("CDC"). On October 23, 2018, Li was permitted to proceed *in forma pauperis* and he

filed an objection to the Report and Recommendation that was subsequently withdrawn.

By Order dated January 7, 2019, Magistrate Judge Andrea K. Johnstone severed the claims against the Massachusetts defendants and ordered a new case opened and transferred to the District of Massachusetts. *See* 01/07/19 Transfer Order. Li brings this action against the Belmont Police Department and the Cambridge District Court alleging that these "government departments" are "not only illegally depriving [plaintiff] of all [of his] rights, but also insulting and deceiving [plaintiff]." Complaint ("Compl."), p. 2. The statement of claim consists of a two-page, single spaced statement. *Id.* at pages 4-5. As best be gleaned from the complaint, Li was arrested after his wife filed a police report accusing him of domestic violence. *Id.* Plaintiff alleges that his wife "did not have any evidence to prove that [plaintiff] was guilty." *Id.* As for the state court, plaintiff alleges that "the judge of the case just said what [plaintiff's wife] said." *Id.* Among other things, plaintiff alleges that he has "reason to suspect that the Belmont Police cover[ed] up the facts and continue[s] to frame plaintiff in a malicious manner." *Id.*

For relief, plaintiff seeks monetary damages and appointment of an attorney as well as a Chinese Mandarin interpreter. *Id.* at pages 4, 6. Plaintiff

seeks the Court's assistance in obtaining copies of certain videotapes from the Belmont Police Station and Santander Bank. *Id.* at p. 6.

REQUESTS FOR APPOINTMENT OF COUNSEL AND TRANSLATOR

To the extent Li seeks to have the Court appoint a translator and/or attorney, such requests are denied. There is no right to an interpreter in this action. *Cf.* 28 U.S.C. § 1827(a) ("The Director of the Administrative Office of the United States Courts shall establish a program to facilitate the use of certified and otherwise qualified interpreters in judicial proceedings instituted by the United States."); Fed. R. Crim. P. 28. Similarly, a party in a civil case is not entitled to have its pleadings translated into English. *See, e.g.*, *Pedraza v. Phoenix*, No. 93-2631, 1994 WL 177285, at *1 (S.D.N.Y. May 9, 1994) (unpublished); *cf.* 18 U.S.C. § 3006A(e) (allowing reimbursement of translation services for criminal defendants); Fed. R. Civ. P. 43(d) (allowing translation of witness testimony in civil cases).

Although a court may request an attorney to represent any person unable to afford counsel, *see* 28 U.S.C. § 1915(e)(1), there is no constitutional right to a free lawyer in a civil case. *See DesRosiers v. Moran*, 949 F.2d 15, 24 (1st Cir. 1991). A plaintiff must demonstrate that he is indigent and that exceptional circumstances warrant the appointment of counsel. *Id.* Plaintiff states that he is an indigent, non-English speaking

3

litigant. He further states that he is suing a "government department" and seeks to have the court appoint counsel in order to "maintain the fairness and justice of the law." However, at this early stage of litigation, Li has not demonstrated that exceptional circumstances warrant the appointment of counsel.

COURT'S AUTHORITY TO REVIEW THE COMPLAINT

Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening pursuant to 28 U.S.C. § 1915. Section 1915(e)(2) authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Further, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more than a mere allegation that the defendants have harmed him. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)(detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To adequately state a federal claim, a complaint must allege a "plausible

entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007).

Even with a liberal construction of the complaint because the Plaintiff is proceeding *pro se*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the complaint is subject to dismissal for the reasons set forth below.

## DISCUSSION

As an initial matter, a *pro se* litigant's obligation to comply with the Federal Rules of Civil Procedure includes the requirement that a complaint complies with the "short and plain statement" requirement. *See Koplow v. Watson*, 751 F. Supp.2d 317 (D. Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8). Rule 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and that the complaint contain allegations that are "simple, concise and direct." The plaintiff's complaint in this case falls far short of the requirements of Rule 8.

Although the complaint does not explicitly state it, the Court presumes that the plaintiff is attempting to plead a claim for violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983.[1] However, the

---

[1] This statute, which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within

5

complaint does not include any facts supporting plaintiff's claim that his constitutional rights were violated. The complaint states the conclusory allegation that plaintiff was illegally deprived of his rights. Such conclusion is insufficient to state a claim under Section 1983.

Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the Cambridge District Court is an arm of the state, *see* M.G.L. ch. 218, § 1 *et seq.*, it is not a "person" within the meaning of § 1983. The same is true of any claim against the Belmont Police Department. *See Stratton v. City of Boston*, 731 F. Supp. 42, 46 (D. Mass 1989).

To the extent Plaintiff seeks to hold the police department or the district court liable for actions of individual employees, the complaint does not include any allegations that would support a claim of supervisory liability. It is well settled that a supervisor's liability under Section 1983 cannot be predicated simply upon a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 696 n. 58 (1978); *Ramirez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 19 (1st Cir. 2014) ("[T]he tort theory of

---

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

*respondeat superior* does not allow imposition of supervisory liability under § 1983."). A supervisor "may be found liable only on the basis of her own acts or omissions." *Figueroa v. Aponte Roque*, 864 F.2d 947, 953 (1st Cir. 1989).

Finally, to the extent plaintiff seeks to challenge the validity and lawfulness of rulings and judgments entered by the Cambridge District Court, this court lacks subject matter jurisdiction over such claims. Under the *Rooker–Feldman* doctrine, a federal district court does not have jurisdiction over claims that seek, in essence to overturn state court judgments. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The *Rooker–Feldman* doctrine "means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that seeks in essence to overturn a state court judgment. Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court." *Bradbury v. GMAC Mortg., LLC*, 780 F.Supp.2d 108, 113 (D. Me. 2011); *see Davison v. Gov't of Puerto Rico–Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the

7

highest state court's final judgment."). Thus, this Court is without jurisdiction to entertain plaintiff's motions for the return of plaintiff's children, for investigation of cases and for protective order.

The Court will allow Li to show cause why his complaint should not be dismissed, or in the alternative, file an amended complaint that cures the pleading deficiencies of the original complaint. Should Li elect to amend the complaint, he should set forth his claims separately as to each defendant, providing the legal cause of action, the date the alleged wrongdoings occurred, and a brief statement of the nature of the alleged wrongdoing, and the reasons for the alleged wrongdoing (i.e., the information necessary to set forth plausible claims under Rule 8). As an amended complaint completely supercedes an earlier-filed complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Li should repeat in the amended complaint any allegations from the original complaint that he wishes to be part of the operative complaint.

### ORDER

For the foregoing reasons, it is hereby

ORDERED, Plaintiff is directed to show cause why his complaint should not be dismissed or, in the alternative, file an amended complaint that cures the pleading deficiencies of the original complaint. Failure to comply

with this directive within thirty-five (35) days of the date of this Memorandum and Order will result in dismissal of this action; and it is further

ORDERED, plaintiff's pending motions are denied without prejudice; and it is further

ORDERED, no summons shall issue pending further order of the Court.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE